**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

INTERNATIONAL LICENSE
EXCHANGE OF AMERICA, LLC,

                  Plaintiff,

      v.

WIDEOPENWEST, INC.,

                  Defendant.

**Civil Action No. 19-cv-4387**

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff International License Exchange of America ("ILEA" or "Plaintiff"), for its

Complaint against Defendant WideOpenWest, Inc. ("WOW" or "Defendant"), alleges the

following:

### NATURE OF THE ACTION

1.   This is an action for patent infringement arising under the Patent Laws of the United

States, 35 U.S.C. § 1 *et seq*.

### THE PARTIES

2.   Plaintiff is a corporation organized under the laws of the State of Delaware with a

place of business at 10 Balligomingo Rd., West Conshohocken, PA 19428.

3.   Upon information and belief, WOW is a corporation organized and existing under the

laws of Delaware, with a place of business at 7887 East Belleview Avenue, Suite 1000,

Englewood, CO 80111, and can be served through its registered agent at Corporation Service

Company, 251 Little Falls Drive, Wilmington, Delaware 19808. Upon information and belief,

WOW sells, offers to sell, and/or uses products and services throughout the United States,

including in this judicial district, and introduces infringing products and services into the stream of commerce knowing that they would be sold and/or used in this judicial district and elsewhere in the United States.

4.   WOW has a regular and established place of business in this judicial district, including sales and service facilities, employees, and other business.  For example, WOW operates sales and service offices in this district, including at 825 E 99th Chicago, IL 60628.  On information and belief, WOW employs individuals within this judicial district responsible for the distribution of its products including those accused of infringement below.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

6.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this judicial district under 28 U.S.C. § 1400(b).  On information and belief, Defendant has committed acts of infringement in this district and has a regular and established place of business within this district, including, without limitation, at 825 E 99th Chicago, IL 60628.

8.     On information and belief, Defendant is subject to this Court's general and specific personal jurisdiction because it has sufficient minimum contacts within the State of Illinois and this District, pursuant to due process and/or the Illinois Long Arm Statute because Defendant purposefully availed itself of the privileges of conducting business in the State of Illinois and in this District, because Defendant regularly conducts and solicits business within the State of Illinois and within this District, and because Plaintiff's causes of action arise directly from each of Defendant's business contacts and other activities in the State of Illinois and this District.

Case: 1:19-cv-04387 Document #: 1 Filed: 06/28/19 Page 3 of 35 PageID #:1

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,959,990

9.      The allegations set forth in the foregoing paragraphs 1 through 8 are incorporated into this First Claim for Relief.

10.     On September 28, 1999, U.S. Patent No. 5,959,990 ("the '990 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '990 patent is attached as Exhibit 1.  The application leading to the '990 patent is the ultimate priority application for U.S. Pat. Nos. RE40999, RE44775, RE45065, RE45081, RE45095, RE45121, RE45521, RE45598, RE45708, each of which recites subject matter supported by the same written description.

11.     The inventive embodiments of the '990 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.  Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '990 patent.

12.     The claims of the '990 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '990 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to operate such networks and to maintain the interoperability of different physical configurations of such networks.

13. The claims of the '990 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications. Instead, for example, the invention adds new features to integrate Ethernet and other protocols together on a shared network. The '990 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

14. The technology claimed in the '990 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

15. Accordingly, each claim of the '990 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

16. Plaintiff is the assignee and owner of the right, title and interest in and to the '990 patent, including the right to assert all causes of action arising under the patents and the right to any remedies for infringement of them.

17. Upon information and belief, Defendant directly infringed at least claim 1 of the '990 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method to format a data frame in VLAN network devices; for example, depending on the physical configuration of a VLAN, the embodiments include a method to adjust the format of a data frame to reflect the characteristics of the particular physical configuration of the VLAN (the "'990 Accused Instrumentalities"). The '990 Accused Instrumentalities include at least the WOW! Business Hosted VoIP Service.

18.     In particular, claim 1 of the '990 patent generally recites a method in a network device.  The method includes transmitting, on a shared communications medium coupled to the network device, a data frame associated with a virtual network, comprising the steps of: a) transmitting a data frame having a type field whose contents indicate the data frame comprises a virtual network identifier field; and, b) transmitting the virtual network identifier field whose contents indicate the virtual network associated with the data frame.

19.     On information and belief, use of the '990 Accused Instrumentalities reads on and infringes at least claim 1 of the '990 patent.  (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

20.     On information and belief, the '990 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

21.     Defendant was made aware of the '990 patent and its infringement thereof at least as early as the filing of this Complaint.

22. Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claim 1 of the '990 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '990 Accused Instrumentalities constitutes direct infringement of at least claim 1 of the '990 patent.

23. In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '990 Accused Instrumentalities and providing instruction materials, training, and services regarding the '990 Accused Instrumentalities. On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '990 patent and knowledge that its acts were inducing infringement of the '990 patent since at least the date of this Complaint.

24. Upon information and belief, Defendant is liable as a contributory infringer of the '990 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '990 patent. The '990 Accused Instrumentalities are a material component for use in practicing the '990 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

25. Since the date of this Complaint, Defendant's infringement has been willful.

26. Plaintiff has been harmed by Defendant's infringing activities.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. RE40,999

27. The allegations set forth in the foregoing paragraphs 1 through 26 are incorporated into this Second Claim for Relief.

28.     On November 24, 2009, U.S. Patent No. RE40,999 ("the '999 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '999 patent is attached as Exhibit 2.  The '999 patent is part of a family of eleven U.S. patents stemming from U.S. Pat. No. 5,959,990.

29.     The inventive embodiments of the '999 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.  Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '999 patent.

30.     The claims of the '999 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '999 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to operate such networks and to maintain the interoperability of different physical configurations of such networks.

31.     The claims of the '999 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared network.  The '999 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

32.    The technology claimed in the '999 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

33.    Accordingly, each claim of the '999 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

34.    Plaintiff is the assignee and owner of the right, title and interest in and to the '999 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

35.    Upon information and belief, Defendant had and continued to directly infringe at least claims 1 and 7 of the '999 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method of identifying a virtual network associated with a data frame in VLAN network devices (the "'999 Accused Instrumentalities"). The '999 Accused Instrumentalities include at least WOW's Ethernet Services, Business Ethernet Service, Ethernet Network Service, Ethernet Private Line Service, Managed Enterprise Solutions, Managed Professional Service, Professional Field Solutions, Voice Services, Business VoiceEdge, XFINITY Internet service, Business Pack, Voice for VOIP, and WOW XFINITY Business.

36.    In particular, claim 1 of the '999 patent generally recites a method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium; where the method comprises: a) receiving the data frame from the communications medium, where the data frame includes a first type field and a data field; b) inserting a second type field at a location within the data frame

preceding the first type field, a value of the second type field indicating the data frame include a virtual network identifier field, c) inserting the virtual network identifier field at a location between the second type field and the first type field; d) assigning a first value to the virtual network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

37.    On information and belief, use of the '999 Accused Instrumentalities reads on and infringes at least claim 1 of the '999 patent.  (*See*, *e.g*., https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

38.    Claim 7 of the '999 patent generally recites the method of identifying a virtual network associated with a data frame when transmitting the data frame between a communications medium and a shared communications medium, where the method comprises: a) receiving the data frame from the communications medium, the data frame including a length field and a data field; b) inserting a type field at a location within the data frame preceding the length field, a value of the type field indicating the data frame includes a virtual network

identifier field; c) inserting the virtual network identifier field at a location between the type field and the length field, d) assigning a first value to the virtual network identifier field, the first value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium.

39.     On information and belief, use of the '999 Accused Instrumentalities reads on and infringes at least claim 7 of the '999 patent.  (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

40.     On information and belief, the '999 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

41.     Defendant was made aware of the '999 patent and its infringement thereof at least as early as the filing of this Complaint.

42.     Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claims 1 and 7 of the '999 patent

under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '999 Accused Instrumentalities constitutes direct infringement of at least claims 1 and 7 of the '999 patent.

43.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '999 Accused Instrumentalities and providing instruction materials, training, and services regarding the '999 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '999 patent and knowledge that its acts were inducing infringement of the '999 patent since at least the date of this Complaint.

44.     Upon information and belief, Defendant is liable as a contributory infringer of the '999 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '999 patent.  The '999 Accused Instrumentalities are a material component for use in practicing the '999 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

45.     Since the date of this Complaint, Defendant's infringement has been willful.

46.     Plaintiff has been harmed by Defendant's infringing activities.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. RE44,775

47.     The allegations set forth in the foregoing paragraphs 1 through 46 are incorporated into this Third Claim for Relief.

48.     On February 25, 2014, U.S. Patent No. RE44,775 ("the '775 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark

Office.  A true and correct copy of the '775 patent is attached as Exhibit 3.  The '775 patent is part of a family of eleven U.S. patents stemming from U.S. Pat. No. 5,959,990.

49.     The inventive embodiments of the '775 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.  Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '775 patent.

50.     The claims of the '775 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '775 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to operate such networks and to maintain the interoperability of different physical configurations of such networks.

51.     The claims of the '775 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared network.  The '775 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

52.     The technology claimed in the '775 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

53.     Accordingly, each claim of the '775 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

54.     Plaintiff is the assignee and owner of the right, title and interest in and to the '775 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

55.     Upon information and belief, Defendant had and continued to directly infringe at least claims 43, 44, 49, and 50 of the '775 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method of receiving a data frame in VLAN network devices (the "'775 Accused Instrumentalities"). The '775 Accused Instrumentalities include at least WOW's Ethernet Services, Business Ethernet Service, Ethernet Network Service, Ethernet Private Line Service, Managed Enterprise Solutions, Managed Professional Service, Professional Field Solutions, Voice Services, Business VoiceEdge, XFINITY Internet service, Business Pack, Voice for VOIP, and WOW XFINITY Business.

56.     In particular, claim 43 of the '775 patent generally recites a method of receiving a data frame in a network device comprising a port coupled to a shared communications medium; where the method comprises: a) receiving destination and source media access control addresses; b) receiving a virtual network type field having a value indicating that a virtual network identifier field will be transmitted, and c) receiving the virtual network identifier field having a

value including reading the virtual network identifier field in accordance with the virtual network type field value to determine the value.

57.     On information and belief, use of the '775 Accused Instrumentalities reads on and infringes at least claim 43 of the '775 patent.  (*See*, *e.g*., https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g*. p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g*. p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

58.     Claim 44 of the '775 patent depends from claim 43 and recites the added limitation wherein the receiving operations occur in an order of: receiving a destination media access control address, receiving a source media access control address, receiving a virtual network type field, then receiving a virtual network identifier field.

59.     On information and belief, use of the '775 Accused Instrumentalities reads on and infringes at least claim 44 of the '775 patent. (*See*, *e.g*., https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last

accessed June 18, 2019). *Also see* the IEEE Standard for Local and metropolitan area networks:

Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std

802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-

105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

60.     Claim 49 of the '775 patent depends from claim 43 and recites the added

limitation wherein receiving destination and source media access control addresses, receiving a

virtual network type field and receiving a virtual network identifier field comprises receiving a

data frame comprising the destination and source media access control addresses, the virtual

network type field and the virtual network identifier field, the method further comprising

forwarding at least part of the received data frame on a port selected based at least in part on the

value of the virtual network identifier field.

61.     On information and belief, use of the '775 Accused Instrumentalities reads on and

infringes at least claim 49 of the '775 patent. (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip

(last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-

support/commportal-guide-mw.pdf (last accessed June 18, 2019);

https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last

accessed June 18, 2019). *Also see* the IEEE Standard for Local and metropolitan area networks:

Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std

802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-

105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

62.     Claim 50 of the '775 patent depends from claim 49 and further recites wherein

when the port selected based at least in part on the value of the virtual network identifier field is

connected to a dedicated communications medium, forwarding at least part of the received data

frame comprises: a) removing the virtual network type field and the virtual network identifier

field from the data frame; and b) forwarding the data frame without the virtual network type field

and without the virtual network identifier field on the selected port of the network device.

63.     On information and belief, use of the '775 Accused Instrumentalities reads on and

infringes at least claim 50 of the '775 patent. (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip

(last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-

support/commportal-guide-mw.pdf (last accessed June 18, 2019);

https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last

accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks:

Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std

802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-

105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

64.     On information and belief, the '775 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

65.     Defendant was made aware of the '775 patent and its infringement thereof at least as early as the filing of this Complaint.

66.     Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claims 43, 44, 49, and 50 of the '775 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '775 Accused Instrumentalities constitutes direct infringement of at least claims 43, 44, 49, and 50 of the '775 patent.

67.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '775 Accused Instrumentalities and providing instruction materials, training, and services regarding the '775 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '775 patent and knowledge that its acts were inducing infringement of the '775 patent since at least the date of this Complaint.

68.     Upon information and belief, Defendant is liable as a contributory infringer of the '775 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '775 patent.  The '775 Accused Instrumentalities are a material component for use in practicing the

'775 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

69.     Since the date of this Complaint, Defendant's infringement has been willful.

70.     Plaintiff has been harmed by Defendant's infringing activities.

**COUNT IV – INFRINGEMENT OF U.S. PATENT NO. RE45,081**

71.     The allegations set forth in the foregoing paragraphs 1 through 70 are incorporated into this Fourth Claim for Relief.

72.     On August 19, 2014, U.S. Patent No. RE45,081 ("the '081 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '081 patent is attached as Exhibit 4.  The '081 patent is part of a family of eleven U.S. patents stemming from U.S. Pat. No. 5,959,990.

73.     The inventive embodiments of the '081 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.  Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '081 patent.

74.     The claims of the '081 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '081 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to

operate such networks and to maintain the interoperability of different physical configurations of such networks.

75.     The claims of the '081 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared network.  The '081 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

76.     The technology claimed in the '081 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

77.     Accordingly, each claim of the '081 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

78.     Plaintiff is the assignee and owner of the right, title and interest in and to the '081 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

79.     Upon information and belief, Defendant had and continued to directly infringe at least claims 17, 21, and 25 of the '081 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method to transmit a data frame associated with a virtual network in VLAN network devices (the "'081 Accused Instrumentalities").  The '081 Accused Instrumentalities include at least WOW's Ethernet Services, Business Ethernet Service, Ethernet Network Service, Ethernet Private Line Service, Managed Enterprise Solutions, Managed

Professional Service, Professional Field Solutions, Voice Services, Business VoiceEdge, XFINITY Internet service, Business Pack, Voice for VOIP, and WOW XFINITY Business.

80.     In particular, claim 17 of the '081 patent recites a method of transmitting a data frame associated with a virtual network between a communications medium and a shared communications medium; where the method comprises: at a first network device coupled to the shared communications medium, a) receiving the data frame from the communications medium, the data frame comprising a destination MAC address, a source MAC address and a data field; b) inserting a type field at a location within the data frame between the MAC addresses and the data field, a value of the type field indicating that the data frame comprises a virtual network identifier field; c) inserting the virtual network identifier field at a location between the type field and the data field; d) assigning a value to the virtual network identifier field, the value corresponding to the virtual network, and e) transmitting the data frame over the shared communications medium; and at a second network device comprising a port coupled to the shared communications medium: a) receiving the data frame, comprising: i) receiving the destination and source media access control addresses; ii) receiving the type field having the value indicating that the data frame comprises a virtual network identifier field; and iii) receiving the virtual network identifier field including reading the virtual network identifier field in accordance with the value of the type field to determine the value of the virtual network identifier field; and b) transmitting the data frame at least toward the virtual network corresponding to the value of the virtual network identifier field.

81.     On information and belief, use of the '081 Accused Instrumentalities reads on and infringes at least claim 17 of the '081 patent.  (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-

support/commportal-guide-mw.pdf (last accessed June 18, 2019);

https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last

accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks:

Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std

802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-

105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

82.     Claim 21 of the '081 patent recites a method of transmitting a data frame

associated with a virtual network between a communications medium and a shared

communications medium, where the method comprises: at a first network device coupled to the

shared communications medium: a) receiving the data frame from the communications medium,

the data frame comprising a destination MAC address, a source MAC address and a data field; b)

inserting a type field at a location within the data frame between the MAC addresses and the data

field, a value of the type field indicating that the data frame comprises a virtual network

identifier field; c) inserting the virtual network identifier field at a location between the type field

and the data field; d) assigning a value to the virtual network identifier field, the value

corresponding to the virtual network; and e) transmitting the data frame over the shared

communications medium; and at a second network device comprising a port coupled to the

shared communications medium: a) receiving the data frame, comprising: i) receiving the

destination and source media access control addresses; ii) receiving the type field having the

value indicating that the data frame comprises the virtual network identifier field; and iii)

receiving the virtual network identifier field having the value associated with the virtual network including reading the virtual network identifier field in accordance with the value of the type field to determine the value associated with the virtual network; and b) transmitting the data frame at least toward the virtual network corresponding to the value of the virtual network identifier field.

83.     On information and belief, use of the '081 Accused Instrumentalities reads on and infringes at least claim 21 of the '081 patent.  (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019);

https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

84.     Claim 25 of the '081 patent recites a method of transmitting a data frame associated with a virtual network between a communications medium and a shared communications medium, where the method comprises: at a first network device coupled to the shared communications medium: a) receiving the data frame from the communications medium, the data frame comprising a destination MAC address, a source MAC address, an original type or length field and a data field; b) inserting a type field at a location within the data frame

between the MAC addresses and the original type or length field, a value of the type field indicating that the data frame is associated with a virtual network, and that the data frame comprises a virtual network header including a virtual network identifier field and at least one other field, the virtual network identifier field having a value corresponding to the virtual network; c) inserting the virtual network header at a location between the type field and the data field; d) assigning a value to the virtual network identifier field, the value corresponding to the virtual network; and e) transmitting the data frame over the shared communications medium; and at a second network device coupled to the shared communications medium: a) receiving the data frame, the data frame comprising the type field and the virtual network header; b) reading the type field and determining that the data frame is associated with a virtual network; c) in response to determining that the data frame is associated with a virtual network, reading the value of the virtual network identifier field to determine the virtual network with which the data frame is associated; and d) transmitting the data frame at least toward the virtual network corresponding to the value of the virtual network identifier field.

85.    On information and belief, use of the '081 Accused Instrumentalities reads on and infringes at least claim 25 of the '081 patent.  (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019).  *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE

802.1Q VLAN Tutorial (Graham Shaw, *available at*

http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019));

https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

86.     On information and belief, the '081 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

87.     Defendant was made aware of the '081 patent and its infringement thereof at least as early as the filing of this Complaint.

88.     Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claims 17, 21, and 25 of the '081 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '081 Accused Instrumentalities constitutes direct infringement of at least claims 17, 21, and 25 of the '081 patent.

89.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '081 Accused Instrumentalities and providing instruction materials, training, and services regarding the '081 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '081 patent and knowledge that its acts were inducing infringement of the '081 patent since at least the date of this Complaint.

90.     Upon information and belief, Defendant is liable as a contributory infringer of the '081 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '081 patent. The '081 Accused Instrumentalities are a material component for use in practicing the '081 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

91.     Since the date of this Complaint, Defendant's infringement has been willful.

92.     Plaintiff has been harmed by Defendant's infringing activities.

**COUNT V – INFRINGEMENT OF U.S. PATENT NO. RE45,065**

93.     The allegations set forth in the foregoing paragraphs 1 through 92 are incorporated into this Fifth Claim for Relief.

94.     On August 5, 2014, U.S. Patent No. RE45,065 ("the '065 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '065 patent is attached as Exhibit 5. The '065 patent is part of a family of eleven U.S. patents stemming from U.S. Pat. No. 5,959,990.

95.     The inventive embodiments of the '065 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices. Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames. Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '065 patent.

96.     Plaintiff is the assignee and owner of the right, title and interest in and to the '065 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

97.     Upon information and belief, Defendant had and continued to directly infringe at least claims 17 and 28 of the '065 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method to transmit a data frame associated with a virtual network in VLAN network devices (the "'065 Accused Instrumentalities").  The '065 Accused Instrumentalities include at least WOW's Ethernet Services, Business Ethernet Service, Ethernet Network Service, Ethernet Private Line Service, Managed Enterprise Solutions, Managed Professional Service, Professional Field Solutions, Voice Services, Business VoiceEdge, XFINITY Internet service, Business Pack, Voice for VOIP, and WOW XFINITY Busi.

98.     In particular, claim 17 of the '065 patent recites a network device for transmitting a data frame to a virtual network associated with the data frame between a communications medium and a shared communications medium, where the network device comprises: at least one respective port connected to each of the communications medium and the shared communications medium; and a processing unit configured a) to receive the data frame, the data frame comprising a type field, and a virtual network header including a virtual network identifier field and at least one other field, the type field having a value indicating that the data frame is associated with a virtual network, and the virtual network identifier field having a virtual network identifier field value corresponding to the virtual network; b) to read the type field and determine that the data frame is associated with a virtual network; c) in response to determining that the data frame is associated with a virtual network, to read the virtual network identifier field

value to determine the virtual network with which the data frame is associated; and d) to transmit the data frame at least toward the virtual network corresponding to the virtual network identifier field value.

99. On information and belief, use of the '065 Accused Instrumentalities reads on and infringes at least claim 17 of the '065 patent. (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

100. Claim 28 of the '065 patent recites a network device for transmitting a data frame to a virtual network associated with the data frame between a communications medium and a shared communications medium, where the network device comprises: at least one respective port connected to each of the communications medium and the shared communications medium; and a processing unit configured: a) to receive the data frame, the data frame comprising a type field, and a virtual network header having an associated format and including a virtual network identifier field, the type field having a value indicating which of a plurality of formats the associated format is and that the data frame is associated with a virtual network, and the virtual

network identifier field having a virtual network identifier field value corresponding to the virtual network; b) to read the type field and determine that the data frame is associated with a virtual network and determine the format; c) in response to determining that the data frame is associated with a virtual network and determining the format, to read the virtual network identifier field in accordance with the determined format to determine the virtual network with which the data frame is associated; and d) to transmit the data frame at least toward the virtual network corresponding to the virtual network identifier field value.

101.    On information and belief, use of the '065 Accused Instrumentalities reads on and infringes at least claim 28 of the '065 patent. (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

102.    On information and belief, the '065 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

103.     Defendant was made aware of the '065 patent and its infringement thereof at least as early as the filing of this Complaint.

104.     Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claims 17 and 28 of the '065 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '065 Accused Instrumentalities constitutes direct infringement of at least claims 17 and 28 of the '065 patent.

105.     In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '065 Accused Instrumentalities and providing instruction materials, training, and services regarding the '065 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '065 patent and knowledge that its acts were inducing infringement of the '065 patent since at least the date of this Complaint.

106.     Upon information and belief, Defendant is liable as a contributory infringer of the '065 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '065 patent.  The '065 Accused Instrumentalities are a material component for use in practicing the '065 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

107.     Since the date of this Complaint, Defendant's infringement has been willful.

108.     Plaintiff has been harmed by Defendant's infringing activities.

## COUNT VI – INFRINGEMENT OF U.S. PATENT NO. RE45,095

109.    The allegations set forth in the foregoing paragraphs 1 through 108 are incorporated into this Sixth Claim for Relief.

110.    On August 26, 2014, U.S. Patent No. RE45,095 ("the '095 patent"), entitled "VLAN Frame Format," was duly and legally issued by the United States Patent and Trademark Office.  A true and correct copy of the '095 patent is attached as Exhibit 6.  The '095 patent is part of a family of eleven U.S. patents stemming from U.S. Pat. No. 5,959,990.

111.    The inventive embodiments of the '095 patent resolve technical problems related to virtual local area network ("VLAN") and methods to format a data frame in VLAN network devices.  Such technologies are a required part of the IEEE 802.1Q standard for VLAN tagging for ethernet frames and accompanying procedures used by networking equipment (such as bridges, switches, or routers) in handling VLAN-tagged frames.  Thus, 802.1Q-certified local area networks and equipment, and uncertified equipment that nonetheless implements the mandatory features of the 802.1Q standard, necessarily meet the claim limitations of the '095 patent.

112.    The claims of the '095 patent do not merely recite the performance of some business practice known from the pre-Internet world along with a requirement to perform it on the Internet.  Instead, the claims of the '095 patent recite one or more inventive concepts that are rooted in computerized electronic data communications networks, and an improved method to operate such networks and to maintain the interoperability of different physical configurations of such networks.

113.    The claims of the '095 patent recite an invention that is not merely the routine or conventional use of electronic devices for communications.  Instead, among other things, the invention adds new features to integrate Ethernet and other protocols together on a shared

network. The '095 patent claims thus include improvements for, for example, formatting data frames to yield a desired result.

114. The technology claimed in the '095 patent does not preempt all ways of using computerized devices or transmitting information over networks, nor preempt any other well-known or prior art technology.

115. Accordingly, each claim of the '095 patent recites a combination of elements sufficient to ensure that the claim in practice amounts to significantly more than a patent on an ineligible concept.

116. Plaintiff is the assignee and owner of the right, title and interest in and to the '095 patent, including the right to assert all causes of action arising under said patents and the right to any remedies for infringement of them.

117. Upon information and belief, Defendant had and continued to directly infringe at least claim 17 of the '095 patent by having made, used, sold, imported and/or provided for use without authority within the United States, 802.1Q-compliant local area networks and equipment performing a method to transmit a data frame associated with a virtual network in VLAN network devices (the "'095 Accused Instrumentalities"). The '095 Accused Instrumentalities include at least WOW's Ethernet Services, Business Ethernet Service, Ethernet Network Service, Ethernet Private Line Service, Managed Enterprise Solutions, Managed Professional Service, Professional Field Solutions, Voice Services, Business VoiceEdge, XFINITY Internet service, Business Pack, Voice for VOIP, and WOW XFINITY Business.

118. In particular, claim 17 of the '095 patent recites a method of transmitting a virtual network identifier in a data frame transmitted on a shared communications medium, where the method comprises: a) transmitting a destination address field containing a destination address for

the data frame; b) transmitting a source address field containing a source address associated with the data frame; c) transmitting a virtual network type field having a value indicative that the data frame is associated with a virtual network; d) transmitting a virtual network identifier field having a value indicative of the virtual network with which the data frame is associated, the value being in one of a plurality of formats as indicated by the value of the virtual network type field; e) transmitting a length field having contents indicating a length of a data field; and f) transmitting the data field.

119. On information and belief, use of the '095 Accused Instrumentalities reads on and infringes at least claim 17 of the '095 patent. (*See*, *e.g.*, https://wowforbusiness.com/hosted-voip (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/commportal-guide-mw.pdf (last accessed June 18, 2019); https://www.wowforbusiness.com/docs/wow/product-support/evansville-refguide.pdf (last accessed June 18, 2019). *Also see* the IEEE Standard for Local and metropolitan area networks: Media Access Control (MAC) Bridges and Virtual Bridge Local Area Networks, IEEE Std 802.1QTM-2011 (Revision of IEEE Std 802.1Q-2005), 31 August 2011 (*e.g.* p. 1, 23, 98, 103-105, 149-150, 1269); IEEE Std 802.1QTM-2014; IEEE Std 802.3TM-2012 (*e.g.* p. 53); IEEE 802.1Q VLAN Tutorial (Graham Shaw, *available at* http://www.microhowto.info/tutorials/802.1Q.html (last accessed June 11, 2019)); https://wiki.openwrt.org/doc/howto/wireless.security.8021x (last accessed June 11, 2019).)

120. On information and belief, the '095 Accused Instrumentalities are used, marketed, provided to, and/or used by or for each of Defendant's partners, clients, customers and end users across the country and in this District.

121.    Defendant was made aware of the '095 patent and its infringement thereof at least as early as the filing of this Complaint.

122.    Upon information and belief, since at least the date of this Complaint, Defendant has induced and continues to induce others to infringe at least claim 17 of the '095 patent under 35 U.S.C. § 271(b) by, among other things, and with specific intent or willful blindness, actively aiding and abetting others to infringe, including but not limited to Defendant's partners, clients, customers, and end users, whose use of the '095 Accused Instrumentalities constitutes direct infringement of at least claim 17 of the '095 patent.

123.    In particular, Defendant's actions that aid and abet others such as its partners, customers, clients, and end users to infringe include advertising and distributing the '095 Accused Instrumentalities and providing instruction materials, training, and services regarding the '095 Accused Instrumentalities.  On information and belief, Defendant has engaged in such actions with specific intent to cause infringement or with willful blindness to the resulting infringement because Defendant has had actual knowledge of the '095 patent and knowledge that its acts were inducing infringement of the '095 patent since at least the date of this Complaint.

124.    Upon information and belief, Defendant is liable as a contributory infringer of the '095 patent under 35 U.S.C. § 271(c) by offering to sell, selling and importing into the United States components to be especially made or adapted for use in an infringement of the '095 patent.  The '095 Accused Instrumentalities are a material component for use in practicing the '095 patent and are specifically made and are not a staple article of commerce suitable for substantial non-infringing use.

125.    Since the date of this Complaint, Defendant's infringement has been willful.

126.    Plaintiff has been harmed by Defendant's infringing activities.

## STATEMENT REGARDING RAND OBLIGATION

127.    Plaintiff contends that, pursuant to relevant IEEE bylaws, the '990, '999, '775, '081, '065, and '095 patents are subject to Reasonable and Non-Discriminatory ("RAND") licensing obligations to willing licensees.

128.    ILEA agrees to license users of standards such as IEEE 802.1Q technology under the '990, '999, '775, '081, '065, and '095 patents on reasonable, and non-discriminatory (RAND) terms.  ILEA intends to abide by such terms by furnishing a courtesy copy of this Complaint upon filing, in advance of service, so that the Parties may amicably agree to such a RAND royalty.  ILEA intends to negotiate such RAND terms in good faith, and will be amenable to a delay of service and/or an immediate stay of the matter if Defendant also negotiates in good faith, so that no party need bear any unnecessary cost or expense.  If Defendant contests the obligation to abide by such terms, through action or inaction, then Plaintiff shall proceed against any such Defendant as an unwilling licensee and pursue the highest damages and/or other relief available under the law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment for itself and against Defendant as follows:

A.    An adjudication that Defendant has infringed the '990, '999, '775, '081, '065, and '095 patents;

B.    An award of damages to be paid by Defendant adequate to compensate Plaintiff for  Defendant's past infringement of the '990, '999, '775, '081, '065, and '095 patents, including

interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

        C.      A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees; and

        D.      An award to Plaintiff of such further relief at law or in equity as the Court deems just and proper.

Dated: June 28, 2019

DEVLIN LAW FIRM LLC

*/s/ Neil Benchell*
Neil Benchell
nbenchell@devlinlawfirm.com
Timothy Devlin (*Pro Hac* to be Filed)
tdevlin@devlinlawfirm.com
815 North Elmwood Ave.
Oak Park, IL 60302
Telephone: (302) 449-9010
Facsimile: (302) 353-4251

*Attorneys for Plaintiff*
*International License Exchange of America*